FILED
United States Court of Appeals
Tenth Circuit

February 2, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEON HOMERO HERNANDEZ,

    Defendant - Appellant.

No. 16-2259
(D.C. No. 2:15-CR-03690-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

Leon Homero Hernandez accepted a plea agreement with an appeal waiver and

pleaded guilty to several drug offenses. After he was sentenced to 84 months in

prison, he appealed. The United States has moved to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Mr. Hernandez's counsel filed a response indicating that she could find no

defects in the waiver to render it unenforceable. We gave Mr. Hernandez the

opportunity to respond, *see Anders v. California*, 386 U.S. 738, 744 (1967), but have

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

received nothing from him. The docketing statement reveals that "Mr. Hernandez feels that he received too much time." Docketing Statement at 4.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the enforceability of the waiver.

First, we consider the scope of the waiver. *Hahn*, 359 F.3d at 1325. The plea agreement provides that Mr. Hernandez "waives the right to appeal [his] conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Mot. to Enforce, Exh. 1 at 8. Mr. Hernandez's 84-month sentence was well under the 20-year and 40-year statutory maximum sentences for his crimes, so this waiver covers any arguments he might want to make about the length of his sentence.

We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id.* It is Mr. Hernandez's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

The plea agreement represented that the plea was voluntary and not the result of any force, threats, or promises not disclosed therein. In addition, the waiver

2

paragraph represents that the appeal waiver was knowingly accepted. And just before his signature, Mr. Hernandez again acknowledged that no extraneous promises or inducements were made, nor were any threats or force employed. Similarly, during the plea colloquy Mr. Hernandez informed the district court that he was pleading guilty of his own free will, not due to any extraneous promises or force. His counsel summarized the appeal waiver, confirming for the court that Mr. Hernandez waived the right to appeal his convictions and sentence, except as to the issue of ineffective assistance of counsel. Mr. Hernandez confirmed his understanding of his counsel's summary. In short, this record fails to support any non-frivolous argument that the waiver was not knowing and voluntary.

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325, 1327. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). None of these conditions is apparent from the record before the court. We recognize that defendants often allege ineffective assistance of counsel. But even if Mr. Hernandez is dissatisfied with his counsel's performance in connection with the waiver, allegations of ineffective assistance generally should be raised in a 28 U.S.C. § 2255 proceeding rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This rule applies even where a

3

defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we determine that it is "wholly frivolous" for Mr. Hernandez to oppose the motion to enforce the appellate waiver in his plea agreement in this direct appeal. *Anders*, 386 U.S. at 744. The motion to enforce is granted, and this matter is dismissed.

Entered for the Court
Per Curiam

4